Mathews, J.
delivered the opinion of the court. The plaintiff and appellant, claims two slaves from the defendants. On the 17th of August, 1809, he purchased from Philip A. Gray, father of the defendants, eighteen slaves, and among them, the two now claimed, as having always remained in the possession of the vendor, or his heirs. On the next day, he executed a deed of gift, in favor of Mayo Gray, and Sarah A. Gray, infant children of the vendor, for said slaves. The property remained in this situation, till the 17th of September, 1814, when the donor, seems to have changed his benevolent intention towards the donees, and declared before the judge of the parish of Feli- *368 ciana, his will and desire to revoke and annul “the deed of gift executed by him, in the year 1809, before Wm. Lewis, Syndic of the district of Feliciana, then under the government of Spain.”
East'n District.
Feb. 1818
The fact of the written donation, executed by the plaintiff, appears so conclusively, by the introduction of the instrument, intended as a revocation of the donation, that it is thought unnecessary, to notice the bill of exceptions of the defendants, on the introduction of parol evidence, to prove the acknowledgment of the plaintiff to that effect.
The only question of law, which arises out of these facts, is whether the donation was perfect and irrevocable, without any formal acceptance, for the infants by their father, or some other person.
According to the rules laid down, on the subject of donations, inter vivos, it is clear, that the donor is bound, only from the acceptance of the donation, in precise terms; and that it produces no effect, except from the day of the acceptance. Civ. Code 220, art. 54. Were the case to be decided by these rules, it is probable, that the judgment of the district court, would prove to be an erroneous one. But we are of opinion, that our code, does not properl *369 y exhibit the rules, by which the point in dispute between the parties, must he settled.
The contract, was made under the Spanish government, and the municipal laws of Spain, are alone applicable to it. These, it is believed, are not so rigorous as our statute, in requiring a formal acceptance, in order to give validity to a donation, or to render it perfect and irrevocable; except in the cases laid down as ingratitude, a change of situation in the donor, who has given the greatest part of his estate, the subsequent birth of children &c. which apply to donations, complete as to form.
Gomez, in his Variœ resolutiones, lays it down, on the subject of donations, that they are executed in two modes: by delivery or promise. By delivery, quando nullu precedente promissione vel obligatione quis tradit suam rem alteri causa donationis; quia tunc statim valet & perficitur donatio; et transit dominium & plenum jus rei, in accipientem, ex titulo & causa donationis. A donation by promise, is when a person obliges himself to give or deliver something to another. If a donation, accompanied by the delivery of the thing, be complete and perfect, it follows, as a necessary consequence, that it ought to be considered as irrevocable, on irrevocable, on *370 the part of the donor, unless for causes authorized by law.
The donation made by the plaintiff and appellant was not accompanied by any formal delivery of the slaves given to the appellees, or any person for them; but they were left in the possession of their father, who held them before the execution of the deed of gift to his infant children. He was the proper person to have received the donation for them; and having already the possession of the slaves, no formal delivery was necessary to transfer the dominion of them in full right to the donees. We consider the slaves as having been in the possession of the father, under the donation to his children, and held for them, from the time of the execution of the deed of gift, to the commencement of this action. Was a formal, written acceptance of the donation necessary, on the part of the donees, under these circumstances, to render it irrevocable by the donor? The court, is of opinion, that it was not. It is very doubtful whether, by the laws of Spain, a formal acceptance be necessary in any case, where the delivery of the thing accompanies the donation. But in cases of minors, infants and absent persons, no acceptance is necessary to render the donation irrevocable, according to Gomez *371 Treatise on Donations, n. 3. It is true, that in a donation to an absent person, it seems required that the title or deed be transferred to the donee, in order to render the donation irrevocable; or that a clause be introduced, by which the notary or officer before whom it is made, be requested by the donor to accept it for the absent person, and that he then takes it as if accepted in due form. Febrero, 1, 5, n. 19. These regulations are confined to absent persons; and we find in the same books, n. 30, that a donor cannot revoke a donation, made in such a manner so as to substitute a third person to the donee, when the substitute is an infant.
Turner for the plaintiff, Baldwin for the defendants.
From this view of the case, we are of opinion, that the judgment of the district court is correct.
It is, therefore, ordered, adjudged and decreed, that it be affirmed, with costs.